**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6741**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMAR KE-SHAWN PARKER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00117-D-1; 7:21-cv-00212-D)

_____

Submitted:  May 30, 2024                         Decided:  June 3, 2024

_____

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Jamar Ke-Shawn Parker, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Ke-Shawn Parker seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its judgment on September 8, 2022, and the appeal period expired on November 7, 2022. Parker filed the notice of appeal on July 18, 2023.[*] Because Parker failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Parker could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).